```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

```
_____
                                   :
JASON EMANUEL SMART-EL,             :
                                   :
        Petitioner,                 :    Civ. No. 13-164 (NLH)
                                   :
     v.                             :    OPINION
                                   :
UNITED STATES OF AMERICA,           :
                                   :
        Respondent.                 :
_____:
```

APPEARANCES:

Jason Emanuel Smart-El, #41627-050
FCI Butner II
P.O. Box 1500
Butner, NC 27509
    Petitioner, pro se

Jason M. Richardson
Office of the U.S. Attorney
Camden Federal Building
401 Market Street
P.O. Box 1427
Camden, NJ 08101
    For Defendant United States of America


HILLMAN, District Judge

    Petitioner Jason Emanuel Smart-El, a prisoner currently confined at the Federal Correctional Institution II at Butner, North Carolina, has submitted a Motion to Vacate, Set Aside or Correct Sentence pursuant to § 2255.  For the reasons set forth below, the Court will grant the Motion, vacate the prior

                                   1

judgment and set the matter down for a resentencing hearing under the Fair Sentencing Act of 2010.

I.   BACKGROUND

The parties and the Court are familiar with the factual context and legal history of this case; therefore, they need not be repeated in detail here.  The Court will set forth only those facts necessary to the analysis of the within habeas petition.

Petitioner was arrested on July 8, 2008, and on September 23, 2009, he pled guilty to a two-count Superseding Information charging him with Possession with Intent to Distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Count One), and Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1) (Count Two).

This Court held a sentencing hearing on August 13, 2010. The Probation Office applied the career offender enhancement pursuant to U.S.S.G. § 4B1.1 and calculated Petitioner's base offense level to be a 34, and his criminal history to be Category VI.  After a 3-level downward adjustment for acceptance of responsibility, Petitioner faced an advisory guideline sentencing range of 188 to 235 months.  Count One carried a mandatory minimum term of five years and maximum of 40 years, while Count Two carried a maximum of 10 years. Probation and

Petitioner was sentenced to a total term of imprisonment of 198 months.

On August 24, 2010, Petitioner filed a timely notice of appeal, alleging that his within-Guideline-range sentence was unreasonable because the District Court improperly weighed certain § 3553(a) factors and failed to give sufficient weight to others.  On February 11, 2011, the Third Circuit Court of Appeals affirmed the District Court's sentence. U.S. v. Smart-El, 412 F. App'x 551 (3d Cir. 2011).

On December 26, 2012, Petitioner submitted the motion presently before the Court.  Petitioner argues that his sentence should be vacated because the District Court failed to apply the Fair Sentencing Act of 2010 ("FSA") to his case as required by the Supreme Court's ruling in Dorsey v. United States, 132 S.Ct. 2321 (2012).

In an Answer filed December 12, 2013, Respondents concede that, pursuant to Dorsey, the FSA's more lenient statutory maximums should have been applied to Petitioner's case. Respondents request that the Court grant Petitioner's motion, vacate the prior judgment, and order Petitioner to be re-sentenced under the statutory maximum as revised by the FSA.

3

II.   STANDARD OF REVIEW

Title 28 U.S.C. § 2255 provides, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). See generally U.S. v. Thomas, 713 F.3d 165 (3d Cir. 2013) (detailing the legislative history of § 2255).

A petitioner challenging a sentence under § 2255 must bring a motion within one year from:

> the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]

28 U.S.C. § 2255(f)(3).

A criminal defendant bears the burden of establishing his entitlement to § 2255 relief. See United States v. Davies, 394 F.3d 182, 189 (3d Cir. 2005). Moreover, as a § 2255 motion to vacate is a collateral attack on a sentence, a criminal defendant "must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982), cited in U.S. v. Travillion, No. 12-4184, 2014 WL 3029837, *2 (3d Cir. 2014).

4

Finally, this Court notes its duty to construe pro se pleadings liberally. See United States v. Otero, 502 F.3d 331, 334 (3d Cir. 2007) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)).

### III. DISCUSSION

A. Sentence in Violation of Dorsey v. United States, 132 S.Ct. 2321 (2012)

Petitioner argues that he was improperly sentenced in light of the Supreme Court's ruling in Dorsey, which was issued on July 21, 2012. Dorsey, 132 S.Ct. 2321.  Petitioner's motion is dated December 26, 2012 and was filed on January 9, 2013. Thus, the Petition is timely as within the one-year statute of limitations imposed by § 2255(f)(3).

In Dorsey, the Supreme Court addressed the timing issue created when a defendant's crime occurs prior to the enactment of the FSA but his sentencing takes place after the enactment date.  Ultimately, the Supreme Court concluded that the FSA does apply to those defendants whose crimes pre-date the FSA, but whose sentencing occurs after the enactment date. Dorsey, 132 S.Ct. 2321 at 2331. ("Congress intended the Fair Sentencing Act's more lenient penalties to apply to those offenders whose crimes preceded August 3, 2010, but who are sentenced after that date.").

In this case, Petitioner's crime and subsequent conviction occurred prior to August 3, 2010, but he was not sentenced until after that date. Thus, pursuant to <u>Dorsey</u>, the FSA revised statutory maximum penalties should have been applied to his case. <u>See</u> <u>Dorsey</u>, 132 S.Ct. 2321; <u>see also</u> U.S. v. Mark, 533 F. App'x 83, 87 (3d Cir. 2013) ("[T]he [Fair Sentencing Act] requires application of the new mandatory minimum sentencing provisions to all defendants sentenced on or after August 3, 2010, regardless of when the offense conduct occurred.") (quoting <u>United States v. Dixon</u>, 648 F.3d 195, 198 (3d Cir. 2011)). Because this Court declined to apply the FSA, an improper statutory maximum penalty for the underlying offense was used to calculate his base offense level under the career criminal guidelines (U.S.S.G. § 4B1.1). Accordingly, the prior sentence is vacated and Petitioner will be re-sentenced under the Fair Sentencing Act.

B. Ineffective Assistance of Counsel

Petitioner also alleges ineffective assistance of counsel as grounds for his § 2255 Motion. Specifically, he asserts that his counsel failed to understand the Career Offender Guidelines in relation to the Fair Sentencing Act. He does not seek additional relief with respect to this claim. In light of the fact that this Court grants his Motion on the grounds discussed above, this claim is moot.

## IV. CONCLUSION

For the foregoing reasons, the Motion is granted. Petitioner's sentence is vacated. A date for resentencing in accordance with the Fair Sentencing Act will be set in the Order accompanying this Opinion.

                                                      ___s/ Noel L. Hillman___
                                                      NOEL L. HILLMAN
                                                      United States District Judge

Dated: February 27, 2015
At Camden, New Jersey